IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LINDA DEVERS** <br> 383 Carl Street <br> Cumberland, OH  43732 <br><br> Plaintiff, <br><br> v. <br><br> **ALLIANT CAPITAL MANAGEMENT, LLC** <br> **dba ACM, LLC** <br> CSC-Lawyers Incorporating Service <br> 50 West Broad Street <br> Columbus, OH  43215 | CASE NO:  2:15-cv-3036 <br><br> JUDGE  _____ |

# COMPLAINT

NOW COMES Plaintiff **Linda Devers** by and through the undersigned counsel, and for her Complaint against Defendant **Alliant Capital Management, LLC dba ACM, LLC ("Alliant"),** alleges and states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by Plaintiff Linda Devers, an individual consumer, against named Defendants, to redress a persistent pattern of violations of federal law under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and allows consumers a private right of action.

2. It is also for corollary claims Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA"), and Ohio's law against racketeering, R.C. §2923.31(E), for Defendants'

methodical violation of federal and state law constituting a "pattern of corrupt activity," and Ohio's civil conspiracy laws.

## VENUE AND JURISDICTION

3. The action arises under 15 U.S.C. §1692, a federal statute, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1337 and 28 U.S.C. §1331.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendant transacts business in this District and the cause of action asserted herein arose in this District.

## PARTIES

5. Ms. Devers is, and was at all relevant times herein, a resident of Guernsey County, Ohio.

6. Ms. Devers is a consumer as that term is defined in 15 U.S.C. §1692a(3).

7. Ms. Devers is a consumer as that term is defined in R.C. §1345.01(D).

8. On information and belief, Alliant is a New York corporate entity registered to do business in Ohio and engaged in debt collection activities in Ohio among other states.

9. Alliant attempts to collect debts or otherwise obtain funds from Ohio consumers.

10. Alliant is a debt collector as that term is defined in 15 U.S.C. §1692a(6).

11. Alliant is a supplier as that term is defined in R.C. §1345.01(C).

12. On information and belief, Alliant owns an alleged debt of Ms. Devers, and it has, directly or through its agents, made attempts to collect on that alleged debt.

13. In connection with their unlawful activities described herein, Defendant operates directly and indirectly through a series of corporate entities and agents that they direct, operate,

and/or control, including JDS Recovery, LLC, and Capital Negotiations Group, LLC, among others.

14. As such, Alliant is responsible for the acts of its agents as if it had conducted those acts itself, as well as the under the principles of *respondeat superior*, principal-agent liability.

## FACTS

15. On information and belief, Alliant, directly or through it agents, regularly attempts to collect consumer debts in Ohio.

16. Alliant does so by using the mail and telephone.

17. Alliant initiates telephone calls to consumers by an automatic telephone dialing system and/or by employing the use of an electronic or prerecorded voice.

18. In their collection efforts, Alliant, directly or through its agents, by custom and practice, uses threats and misrepresentations to obtain money from consumers.

19. These threats include threats of nonexistent pending litigation and insinuation of criminal conduct on the part of consumers.

20. Moreover, Alliant, directly or through its agents, unlawfully misrepresent themselves to be legal processors, mediators, and other entities which they are not.

21. By doing so, Aliant knowingly violates the CSPA, FDCPA, and the TCPA.

22. On information and belief, using these unlawful tactics, Alliant unlawfully obtains funds in consumer payments, engenders fear, and causes emotional damage to consumers.

23. In connection with the facts, events, and averments herein, Alliant acts willfully and maliciously, with spite and ill will, and/or with reckless disregard for the rights of consumers in Ohio in general, and Ms. Devers in particular.

24. Within the past year, Ms. Devers received calls on her telephone from Alliant and/or their agents (specifically Capital Negotiations Group and/or JDS Recovery), demanding money in connection with an allegedly outstanding payday loan.

25. Ms. Devers never authorized Alliant to contact her.

26. Alliant, directly or through its agents, demanded sums to which they were not entitled by law and/or contract.

27. Alliant, directly or through its agents, threatened to press civil and criminal charges against Ms. Devers for "writing bad checks."

28. Alliant, directly or through its agents, made their threats against Ms. Devers for the purpose of extorting the payment on funds by her.

29. Alliant, if it did not make the calls itself, knew of (or should have known of), approved of, and authorized, the calls and the aggressive collection techniques and threats being used.

30. These collection calls to Ms. Devers have been harassing.

31. Ms. Devers felt threatened by these actions, and she has sustained emotional and related physical injury.

32. Alliant, directly or through its agents, did not send Ms. Devers a statement of her rights as required by law.

**FIRST CLAIM FOR RELIEF**
(FDCPA Violations)

33. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

34. Alliant violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequence to "harass, oppress, or abuse" Ms. Devers in connection with the collection of an alleged debt.

35. Alliant violated 15 U.S.C. §1692d(5) by causing Ms. Devers telephone to ring repeatedly and engaging her in conversation repeatedly for the purpose of annoyance, harassment, and abuse.

36. Alliant violated 15 U.S.C. §1692d(6) by placing telephone calls to Ms. Devers without meaningful disclosure of the caller's identity.

37. Alliant violated 15 U.S.C. §1692e generally by engaging in the conduct described herein and other conduct to be proven at trial, which was false, deceptive and/or misleading.

38. Alliant violated 15 U.S.C. §1692e(2)(A) in that they falsely represented the amount of the debt.

39. Alliant violated 15 U.S.C. §1692e(5) by threatening legal action that could not be legally taken, and that they did not intend to take.

40. Alliant violated 15 U.S.C. §1692e(7) by accusing Ms. Devers of criminal conduct.

41. Alliant violated 15 U.S.C. §1692e(10) by using deceptive means to collect a debt as described herein.

42. Alliant violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

43. Alliant violated 15 U.S.C. §1692f(1) by attempting to collect an amount of which they were not entitled.

44. Alliant violated 15 U.S.C. §1692f(5) by calling Ms. Devers's cell phone.

45. Alliant violated 15 U.S.C. §1692g by failing to send to Ms. Devers a notice of her rights.

46. Alliant violated the FDCPA in other ways as described herein and to be proven at trial.

47. As a result of the foregoing, Ms. Devers has suffered actual damages as described herein and to be proven at trial.

48. Under the FDCPA, Ms. Devers is entitled to recover statutory damages, actual damages, attorney fees, and costs for the violations described herein.

## SECOND CLAIM FOR RELIEF
(CSPA Violations)

49. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

50. As described herein and to be proven at trial, Alliant engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

51. As described herein and to be proven at trial, Alliant engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

52. Specifically, as described above, Alliant engaged in conduct which violates the FDCPA.

53. By violating the FDCPA, Alliant has violated the CSPA.

54. Each of Alliant's violations of the FDCPA is a separate violation of the CSPA.

55. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

56. Under the CSPA, Defendant is liable to Linda Devers for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

## THIRD CLAIM FOR RELIEF
(State Racketeering)

57. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

58. Defendant's actions (individually and/or through its agents) as described herein constitute a scheme to defraud using a telecommunication device in violation of R.C. §2913.05 and

18 U.S.C. §1343.

59. Defendants' actions (individually and/or through its agents) as described herein constitute a scheme to defraud using the mail in violation of 18 U.S.C. §1341.

60. Defendants (individually and/or through its agents) have engaged in a "pattern of corrupt activity" as that term is defined in R.C. 2923.31(E) by engaging in violations of R.C. §2913.03 and a "racketeering activity" as defined in 18 U.S.C. §1961(1)(B).

61. Pursuant to R.C. §2923.34, Ms. Devers is entitled to injunctive and monetary relief, as well as attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court awards to Ms. Devers the greater of treble his actual damages or $200 for each of their violations of the CSPA.

B. That this Court awards to Ms. Devers $5,000 for his noneconomic damages as provided under the CSPA.

C. That this Court awards to Ms. Devers statutory damages of $1,000 from Defendants for their various violations of the FDCPA.

D. That this Court awards to Ms. Devers his actual damages in an amount to be proven at trial to include, without limitation, compensation for fear, annoyance, aggravation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, associated physical ailments, and economic loss.

E. That this Court awards to Ms. Devers punitive damages as provided by statute and common law.

F. That this Court enjoins Defendants from engaging in business in, and calling consumers

in, the State of Ohio and operating any business in the future that does so.

G. That this Court awards attorney's fees, costs, and interest to Ms. Devers pursuant to the FDCPA, CSPA, and other applicable law.

H. That this Honorable Court awards to Ms. Devers such other and further relief as may be just and equitable.

>
> Respectfully submitted,
>
> /s/ Michael L. Fine_____
> Michael L. Fine (0077131)
> 3684 Silsby Road
> University Heights, OH  44118
> Telephone:  (216) 320-9950
> Fax:  (216)320-9953
> mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

>
> /s/ Michael L. Fine_____